UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Roy Whitson, Individually
and as Administrator of the
Estate of Nathan Whitson, et al.

    v.                              Civil No. 05-cv-393-JD

United States of America
and Franklin Regional Hospital


O R D E R

The United States seeks a protective order under Fed. R. Civ. P. 26(c) limiting plaintiff's deposition inquiries of a non-party witness, Peter Loeser. The government maintains that inquiries should be prohibited into certain aspects of what became Loeser's second degree sexual assault conviction and his loss of license to practice medicine because they lack relevance and will embarrass and annoy the witness.[1]

A protective order is not available generally to assert rights of third parties. See 6 James Wm. Moore, 6 et al., Moore's Federal Practice § 26.101[2][G] (3d. ed. 2006); 8 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2035 (2d. ed. 1994). The exception, namely that movant has shown that its interests are jeopardized, has not been shown in this case. Loeser has not sought any protection or intervention.

---

[1] It would be difficult to conceive of how a deposition could be embarrassing considering what has already occurred.

"Relevance," particularly in the context of a deposition or other discovery, is broadly defined. <u>Cox v. Administrator U.S. Steel & Carnegie</u>, 17 F.3d 1386, 1420 (11th Cir. 1994). At this point whether the inquiries are "relevant" cannot be determined. Defendant's objections can readily be preserved at and after the deposition. The motion (document no. 10) is denied.

    SO ORDERED.

                                                  /s/ James R. Muirhead
                                                  James R. Muirhead
                                                  United States Magistrate Judge

November 20, 2006

cc:   Kenneth C. Brown, Esquire
       Jared R. Green, Esquire
       Ronald J. Lajoie, Esquire
       Gretchen Leah Witt, Esquire